IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:18-CR-104

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **PRELIMINARY** |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| JOSEPH STEVEN HAMRICK | ) | |

This matter is before the Court on the United States' Motion for Preliminary Order of Forfeiture. For the reasons set forth below, the Court GRANTS the motion.

On August 15, 2018, the Defendant was charged through a Bill of Information. Count One charged the Defendant with possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Bill of Information included a Notice of Forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of all firearms or ammunition involved or used in the violations set forth in the Bill of Information. Specifically, the Bill of Information identifies the following firearm and ammunition as being subject to forfeiture: **one Iver Johnson Arms & Cycle Works, Champion model, 16 gauge shotgun, no serial number; approximately 18 rounds of Federal brand 16 gauge**

1

**ammunition; and approximately one round of Remington brand 16 gauge ammunition**.

On August 14, 2018, the Defendant signed a Plea Agreement [Doc. 3] in which he agreed to plead guilty to Count One and agreed to forfeit his interest in the above-named property.

The Court accepted the Defendant's guilty plea. [Doc. 6 and Text Order of September 17, 2018].

Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[i]f the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Under 18 U.S.C. § 924(d)(1), firearms and ammunition involved or used in section 924 offenses are subject to forfeiture. To establish whether property is subject to forfeiture under Fed. R. Crim. P. 32.2 and the applicable forfeiture statute, the United States must only establish the requisite nexus between the property and the offense of conviction by a preponderance of the evidence. *See United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

Based upon the Bill of Information, Plea Agreement, Factual Basis [Doc. 4], and the Defendant's guilty plea, the Court finds that the United States has established the requisite nexus between the above-named property and the offense to which the

Defendant has pleaded guilty, and that the Defendant had an interest in that property. The Defendant shall forfeit to the United States all firearms or ammunition involved or used in the violation set forth in the Information. Accordingly, the Iver Johnson Arms & Cycle Works, Champion model, 16 gauge shotgun, no serial number; approximately 18 rounds of Federal brand 16 gauge ammunition; and approximately one round of Remington brand 16 gauge ammunition shall be forfeited pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

It is therefore ORDERED:

1. **The following property** is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

   - **Iver Johnson Arms & Cycle Works, Champion model, 16 gauge shotgun, no serial number;**

   - **Approximately 18 rounds of Federal brand 16 gauge ammunition; and**

   - **Approximately one round of Remington brand 16 gauge ammunition**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying,

locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.   Fed. R. Crim. P. 32.2(b)(3).

3.	Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4.	Any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).   The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought.   21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. If no third party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: November 29, 2018

*[Signature]*

W. Carleton Metcalf
United States Magistrate Judge